### Case No. 4,739.

### FERGUSON v. LAMBERT.

[2 Cin. Law Bul. (1877) 46.]

Circuit Court, S. D. Ohio.

Argued by Simrall & Hosea and Gen. W. H. Enochs, of Ironton.

Before SWING, District Judge.

Upon suggestion of death of defendant, and motion to dismiss by reason of abatement, the COURT construed the action, upon the declaration filed, as one for a malicious arrest, it appearing that, though maliciously instituted, the proceedings were by a magistrate having jurisdiction, and were in due form of law. After careful and exhaustive review of the common-law authorities, the COURT held that:

An action for "false imprisonment" is in the nature of a trespass, and only lies in that form where the imprisonment is vi et armis, either by force wholly illegal, or only colorably legal. The latter case might arise where the arrest was by the forms and agencies of law, but where jurisdiction was wanting. In either event the action of trespass is the proper remedy; and for the arrest under colorable legal process the action on the case also lies. But the action for "malicious prosecution" can only be maintained as a special action on the case for the improper and malicious instigation of proceedings which in themselves are legal, yet result in damage to the defendant. These proceedings may be either civil or criminal, and may or not cause the arrest and imprisonment of the party. It must appear, however, that the party is damaged thereby; either in person, as by imprisonment; in reputation, as by the scandal; or in his property, by the expenses incurred. The imprisonment is an incident of the malicious prosecution upon a criminal charge, and may arise upon a civil action also.. It does not change the form or substance of the action, however, for the "malicious prosecution." Citing: 3 Bl. Comm. 123, 127; 1 Chit. Pl. 121, 214; 1 Chit. Pr. 47; 2 Bouv. Law Dict. 98, 437; 1 Bouv. Law Dict. tit. "False Imprisonment;" 3 Broom & H. Comm. 136; Add. Torts, 222, 243; 3 Steph. Comm. 384; Nash, Pl. 210, forms, etc.; Greenl. Ev. Index, tit. "Malicious Prosecution."

Upon the question of abatement, the COURT held that the local law was conclusive. Section 399 of the Ohio Code provides for the abatement of certain actions by the death of the defendant, among which are actions for "malicious imprisonment." The dividing line intended by the legislature is that which, in the authorities cited, distinguishes the action for "malicious prosecution" from "false imprisonment." And the action for malicious or false arrest is at least sui generis with that for malicious prosecution, and falls upon the same side of the line. Motion granted and cause dismissed.